UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ERIC WAKEFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-02130-MMM |
| | ) | |
| JONATHAN EK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Danville Correctional Center, asserts claims for deliberate indifference to serious medical needs.

I. **MERIT REVIEW**

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff has on three or more occasions filed federal suits or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). However, he here alleges a serious threat of imminent physical harm, as discussed below, so his request to proceed without prepayment of fees will be granted and this suit will proceed at this time as to those allegations. However, Plaintiff is advised that if at any point the facts (as opposed to Plaintiff's assumed-true allegations) indicate that Plaintiff is not facing an imminent threat of serious physical harm, the Court may reconsider this ruling, revoke Plaintiff's in forma pauperis status, and require payment of the filing fee in order for the case to proceed. *See Jones v. Burle*, No. 22-1189, 2022 WL 4008712, (7th Cir. Sept. 2, 2022).

<u>Allegations</u>

Plaintiff names as Defendants Dr. Jonathan Ek, the IDOC Director, Wexford Health Sources, Inc., Doe Medical Staff at Pinckneyville, Doe Nurse/Physician Assistant, and Doe Medical Staff at Graham Correctional Center.

**General background.** Plaintiff suffered serious head injuries in 2019, not in prison. Plaintiff also is suffering from a hernia that needs treatment.

**Past allegations for which there is no current imminent threat.** Plaintiff alleges staff at the Franklin County Jail, Pinckneyville Correctional Center and Graham Correctional Center failed to properly address certain medical needs from 2019 through 2023. Plaintiff was transferred to Danville Correctional Center in December 2023 and has been there since. Plaintiff necessarily is not facing an imminent threat of serious harm from his medical care occurrences at Franklin County, Pinckneyville Correctional

Center, or Graham Correctional Center. He is no longer at those institutions. If Plaintiff wants to pursue claims related to these past events he must pay the full filing fee, and the Court would then assess if these allegations state a claim.

**Current allegations.** Plaintiff alleges he has an untreated hematoma on the back of his head, apparently from the 2019 injury, that causes a variety of serious effects and requires, but is not receiving, treatment by Dr. Ek. Plaintiff alleges he has a softball-sized hernia that also requires, but is not receiving, treatment by Dr. Ek.

## Analysis

Plaintiff states a plausible Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Jonathan Ek. Plaintiff has plausibly alleged that Dr. Ek knowingly delayed or denied Plaintiff's needed medical care. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Jones*, No. 22-1189, 2022 WL 4008712, at *2.

Plaintiff may be entitled to injunctive relief. Clerk is to add Danville Warden Trent Allen in his official capacity as warden for the purpose of effecting such relief, and to respond to discovery from Plaintiff in relation thereto. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

II.    **REQUEST FOR COUNSEL**

Plaintiff has asked for court assistance in finding an attorney. Doc. 4.

This Court does not have the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… civil litigants have no constitutional or

statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff has not made a reasonable attempt to find counsel on his own and has not indicated that he is being prevented from doing so. First, there is no indication that Plaintiff does not have access to writing materials and to the mail. He has been in communication with the Court without apparent issue in this basic regard. Second, parties typically show they have made a reasonable attempt to find counsel by writing to several law firms that practice civil rights law on behalf of prisoners, explaining the specifics of <u>this lawsuit</u>, and asking for representation. Copies of those letters sent along with copies of the responses received may then be filed with any renewed motion to request counsel. Any renewed motion should also explain any specifics as to Plaintiff's ability to litigate this case, including his education, legal experience, and any other issues that bear on his ability to represent himself.

### III.    MOTIONS FOR SUMMARY JUDGMENT

Plaintiff's motions for summary judgment are denied. Docs. 9, 11, 12.

The Court has completed a merit review and allowed Plaintiff's claims, for which he has alleged he faces an imminent threat of serious physical harm, to proceed. Once Defendants have been served the Court will enter a scheduling order to move the case forward, and the Court will set a summary judgment deadline in that order. Plaintiff is not entitled to summary judgment at this time.

IT IS THEREFORE ORDERED:

1. Petition to Proceed in Forma Pauperis [3] is GRANTED. Clerk to calculate and collect initial partial filing fee and installments from Plaintiff's institution.

2. Plaintiff's Motion to Request Counsel [4] is DENIED.

3. Plaintiff's Motion for Summary Judgment [9], [11], [12] are DENIED.

4. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a plausible Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Jonathan Ek. Clerk is also to add Warden Felicia Adkins in her official capacity as a Defendant. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Plaintiff's claims against the other Defendants are dismissed for the reasons stated in this Order and the Clerk is to terminate these Defendants.

5. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

6. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

8. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should

include all defenses appropriate under the Federal Rules. The answer and later pleadings shall be to the issues stated in this order. Generally, an answer sets out the defendants' positions. The court does not rule on the merits of those positions unless a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

9. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

11. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

12. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 3rd day of February, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
